HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORY EUGENE GILL,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. CV16-933-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Petitioner Cory Eugene Gill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. Dkt. # 1. For the reasons that follow, the Court **GRANTS** Gill's motion.

## II. BACKGROUND

On May 10, 2011, Gill pleaded guilty to seven counts of bank robbery in violation of 18 U.S.C. § 2113(a). *United States v. Cory Eugene Gill*, Case No. CR11-77-RAJ, Dkt. ## 5-6 (W.D. Wash. May 10, 2011). Those counts were charged under three separate case numbers: CR11-26-RAJ, CR11-66-RAJ, and CR11-77-RAJ. At a consolidated sentencing hearing, the Court examined Gill's criminal history, which included: (1) a 1998 federal bank robbery conviction, 18 U.S.C. § 2113(a); and (2) a 2000 Nevada robbery conviction, NRS § 200.380. PSR ¶ 80. The Court determined that Gill qualifies as a career offender under § 4B1.1 of the 2010 United States Sentencing

ORDER – 1

Guidelines ("U.S.S.G.") because his instant bank robbery convictions and his two previous convictions were "crimes of violence," a term defined by U.S.S.G § 4B1.2(a). PSR ¶¶ 25, 80. Based on this determination, the Court set a guideline range of 151 to 188 months. *Gill*, Case No. CR11-77-RAJ, Dkt. # 14 at 3-5. Had he not been found to qualify as a career offender, his guideline range would have been 100 to 125 months. *See* PSR ¶¶ 79, 81; U.S.S.G. § 5A. The Court sentenced Gill to three concurrent terms of 50 months to be served consecutively with a 108-month sentence imposed by the Northern District of Texas, amounting to an effective prison term of 158 months. *Gill*, Case No. CR11-77-RAJ, Dkt. # 14 at 30.

On June 15, 2016, Gill filed a petition under 28 U.S.C. § 2255 challenging the Court's determination that he qualifies as a career offender. Dkt. # 1. Gill contends that his instant and prior convictions do not qualify as crimes of violence, and thus, that it was improper to sentence him as a career offender. *Id.* The Government opposes the motion. Dkt. # 8.

### III. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

### IV. DISCUSSION

The issue is whether Gill was sentenced properly as a career offender. Under the guidelines, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The term "crime of violence" includes any federal or state

ORDER – 2

offense punishable by more than one year in prison that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." These three categories are known respectively as the (1) "elements clause," the (2) "enumerated offenses clause," and the (3) "residual clause." U.S.S.G. § 4B1.2. *Carpio v. United States*, No. --- F. Supp. ---, C16-0647-JLR, 2016 WL 6395192, at *1 (W.D. Wash. Oct. 28, 2016),

The residual clause of § 4B1.2 is in a state of uncertainty. On June 26, 2015, the Supreme Court held that an identical clause in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) ("*Johnson II*"). In a subsequent decision, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The Court has not yet resolved whether these decisions invalidating the ACCA's residual clause apply with equal force to the residual clause of § 4B1.2.[1]

Here, Gill contends that the Supreme Court's decision in *Johnson II* disqualifies his instant and prior convictions as "crimes of violence" sufficient to sentence him as a career offender. The Government opposes this contention on the basis that his claims are procedurally defaulted, time-barred, foreclosed by principles of retroactivity, and meritless.

**A.    Gill's Claims Are Not Procedurally Defaulted**

The Government argues that Gill's claims under *Johnson II* are procedurally defaulted because he did not raise them at sentencing or on direct appeal. The Court has rejected this line of argument before and does so again here. *See Haffner v. United States*, No. C16-448-RAJ, 2016 WL 6897812, at *4 (W.D. Wash. Nov. 23, 2016) ("Petitioner has demonstrated that the *Johnson [II]* decision specifically overruled

---

[1] The Supreme Court has granted certiorari in a case anticipated to resolve this issue. *See Beckles v. United States*, 136 S. Ct. 2510 (2016).

ORDER – 3

existing precedent . . . , overturned a longstanding and widespread practice to which a near-unanimous body of lower court authority had adhered and disapproved a practice which the Supreme Court itself had previously sanctioned . . . . [T]his means that Petitioner has established that his claim was not 'reasonably available to him at the time he could have filed a direct appeal.").

### B. Gill's Motion Is Timely

The Government argues that Gill's motion is untimely. But Gill filed the instant motion on June 15, 2016, within one year of the Court's decision in *Johnson II*, which was published on June 26, 2015. Thus, Gill filed his motion within the statute of limitations set forth under 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

### C. *Johnson II* Applies Retroactively

The Government contends that the Supreme Court's decision in *Johnson II* does not apply retroactively to a defendant seeking to challenge a U.S.S.G. calculation on collateral review. The Court recently addressed this issue and found that *Johnson II* does apply retroactively to such cases. *See Haffner*, 2016 WL 6897812, at *3-4; *see also Gibson v. United States*, No. C15-5737 BHS, 2016 WL 3349350, at *2 (W.D. Wash. June 15, 2016); *Pressley v. United States*, No. C16-510RSL, 2016 WL 4440672, at *2 (W.D. Wash. Aug. 11, 2016). The Court declines to deviate from its previous holding. *Johnson II* applies retroactively to Gill's claims.

### D. Gill Does Not Qualify as a Career Offender

Gill argues that the Supreme Court's invalidation of the residual clause in *Johnson II* means that his instant and prior convictions under the federal bank robbery statute, 18 U.S.C. § 2113(a), and his prior conviction under Nevada's robbery statute, NRS § 200.380, are not crimes of violence. But *Johnson II* does not benefit Gill unless he can

ORDER – 4

show that his convictions do not otherwise qualify as crimes of violence under the elements clause or the enumerated offenses clause. *Haffner*, 2016 WL 6897812, at *5. Neither bank robbery nor robbery is an enumerated offense.[2] U.S.S.G. § 4B1.2(a)(2). Accordingly, the dispositive question is whether Gill's convictions qualify under the elements clause.

As noted, an offense is a crime of violence under the elements clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The physical force sufficient to meet this definition comes with two requirements. First, "the phrase physical force means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original) (*"Johnson I"*). Second, "the use of force must be intentional, not just reckless or negligent." *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015). We must apply a categorical approach to decide if a prior offense meets these requirements, meaning we look only to the statutory definition of the offense and not to the underlying conduct. *United States v. Wenner*, 351 F.3d 969, 972 (9th Cir. 2003). If the statute criminalizes conduct that is not a crime of violence under § 4B1.2, then it is overbroad and does not qualify as a predicate offense under the categorical approach. *Id.*

### i. Federal Bank Robbery Conviction

The Court has previously concluded that 18 U.S.C. § 2113(a) is a crime of violence under the elements clause of U.S.S.G. § 4B1.2. *See Haffner*, 2016 WL 6897812, at *6-7; *Brown v. United States*, C16-607-RAJ, slip op. at 3-6 (W.D. Wash. Oct. 5, 2016). Gill is correct that another judge in this district, the Honorable John D. Coughenour, recently reached a different conclusion. *See Doriety v. United States*, C16-924-JCC, slip op. at 9-11 (W.D. Wash. Nov. 10, 2016) (holding that "federal bank

---

[2] The Government argues otherwise. It relies on a comment accompanying U.S.S.G. § 4B1.2 that includes "robbery" as a crime of violence. This comment, however, "is not, in the absence of the residual clause post-*Johnson*, consistent with the text of § 4B1.2(a)." *See Haffner v. United States*, No. C16-448-RAJ, 2016 WL 6897812, at *5 (W.D. Wash. Nov. 23, 2016).

ORDER – 5

robbery is not a crime of violence under the elements clause"). Having reviewed Judge Coughenour's decision in *Doriety*, the Court declines to change course from its previous rulings. Whether federal bank robbery qualifies as a crime of violence is a legal issue over which reasonable jurists can disagree. As it did in *Haffner* and *Brown*, the Court again holds that binding Ninth Circuit precedent necessitates the conclusion that federal bank robbery is a crime of violence.

### ii. Nevada State Robbery Conviction

Unlike the federal bank robbery statute, the Nevada state robbery statute does not qualify as crime of violence under the elements clause. That statute provides in relevant part:

> Robbery is the unlawful taking of personal property from the person of another, or in the person's presence, against his or her will, by means of force or violence or fear of injury, immediate or future, to his or her person or property, or the person or property of a member of his or her family, or of anyone in his or her company at the time of the robbery. A taking is by means of force or fear if force or fear is used to:
>
> (a) Obtain or retain possession of the property;
>
> (b) Prevent or overcome resistance to the taking; or
>
> (c) Facilitate escape.
>
> *The degree of force used is immaterial if it is used to compel acquiescence to the taking of or escaping with the property*. A taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

NRS § 200.380(1) (emphasis added). The Nevada Supreme Court has applied this statute in circumstances where no affirmative use, attempted use, or threat of physical force was employed. *See Robertson v. Sheriff, Clark Cty.*, 565 P.2d 647, 647-48 (Nev. 1977). In *Robertson*, the defendant had robbed a bar while the bartender hid in the restroom. *Id.* at 647. Although the bartender was in the restroom when the defendant entered the bar and remained there throughout the duration of the robbery, the Nevada Supreme Court held

ORDER – 6

this was sufficient to constitute robbery under NRS § 200.380.[3] *Id.* at 648. Given this precedent, as well as the statutory language specifying that the "degree of force used is immaterial," NRS § 200.380 is not a crime of violence under the elements clause. The Supreme Court has emphasized that such crimes must categorically include as an element the use, attempted use, or threat of "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140 (emphasis in original). In *Johnson I*, the Court held that Florida's battery statute was not a crime of violence because it prohibited "any intentional physical contact, 'no matter how slight.'" *Id.* at 138 (quoting *State v. Hearns*, 961 So. 2d 211, 218 (Fla. 2007)). Like the Florida statute, NRS § 200.380 is overbroad because it prohibits conduct that does not require the requisite degree of physical force, as defined by the Supreme Court.

In response, the Government correctly points out that the Ninth Circuit has held that the Nevada robbery statute qualifies as a crime of violence. Dkt. # 8 at 40 (citing *United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009)). But *Harris* was decided in 2009, prior to the Supreme Court's decision in *Johnson I*, which was decided in 2010. Where intervening Supreme Court jurisprudence cannot be reconciled with existing circuit authority, "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of [the Ninth Circuit] as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003); *see also Day v. Apoliona*, 496 F.3d 1027, 1031 (9th Cir. 2007) ("There are . . . circumstances in which a district court . . . can disregard circuit precedent because of intervening Supreme Court authority.").

*Harris* cannot be reconciled with *Johnson I* because it did not account for the de minimis degree of force criminalized by NRS § 200.380. The Court is thus compelled to follow the Supreme Court's intervening decision in *Johnson I* and finds that NRS § 200.380 is not a crime of violence under the elements clause. Because Gill's Nevada

---

[3] We are bound by the Nevada Supreme Court's interpretation of state law. *Johnson v. United States*, 559 U.S. 133, 138 (2010).

ORDER – 7

robbery conviction was one of the two prior convictions relied upon by the Court to sentence him as a career offender,[4] he is entitled to resentencing.  Gill's motion is granted.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Gill's motion.  The Court finds that Gill was erroneously sentenced as a career offender in violation of the law.  The Court **VACATES** and **SETS ASIDE** the judgment in *United States v. Gill*, Case Nos. CR11-26-RAJ, CR11-66-RAJ, and CR11-77-RAJ.  The Court will resentence Gill, permit him to submit objections to his Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both sides to argue for an appropriate and lawful sentence.

DATED this 7th day of February, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

---

[4] The Government contends that Gill has additional prior convictions upon which the Court can rely in upholding his status as a career offender.  These other convictions, however, were not cited in the PSR as the basis for recommending that Gill be sentenced as a career offender.  PSR ¶ 80.

ORDER – 8