HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COREY EUGENE GILL,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C17-737RAJ

ORDER

This matter comes before the Court on Petitioner Corey Eugene Gill's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Dkt. # 1. For the reasons that follow, the Court **DENIES** Mr. Gill's Motion. Dkt. # 5.

**I.     BACKGROUND**

On May 10, 2011, Mr. Gill pleaded guilty to seven counts of bank robbery in violation of 18 U.S.C. § 2113(a). *United States v. Cory Eugene Gill*, Case No. CR11-77-RAJ, Dkt. ## 5-6 (W.D. Wash. May 10, 2011). During sentencing, the Court determined that Mr. Gill qualified as a career offender under § 4B1.1 of the 2010 United States Sentencing Guidelines ("U.S.S.G.") because his bank robbery convictions and his two previous bank robbery convictions were "crimes of violence," a term defined by U.S.S.G.

§ 4B1.2(a). Based on this determination, the Court found that the appropriate sentencing guideline range was 151 to 188 months. *Gill*, Case No. CR11-77-RAJ, Dkt. # 14 at 3-5. The Court sentenced Mr. Gill to three concurrent terms of 50 months to be served consecutively with a 108-month sentence previously imposed by the Northern District of Texas for a bank robbery in Irving, Texas, which amounted to an effective prison term of 158 months. *Gill*, Case No. CR11-77-RAJ, Dkt. # 14 at 30.

On June 15, 2016, Mr. Gill filed a § 2255 petition challenging the Court's determination that he qualified as a career offender under § 4B1.1. Mr. Gill's petition was based on the holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015) ("*Johnson II*"). In *Johnson II*, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violated the Constitution's guarantee of due process. *Id*. Mr. Gill was sentenced under the residual clause of U.S.S.G § 4B1.2(a), which the Court found was identical to the residual clause under ACCA. *Gill*, CV16-933RAJ, Dkt. # 14 at 3. On February 7, 2017, the Court granted Mr. Gill's motion, finding that Mr. Gill was erroneously sentenced as a career offender. *Gill*, CV16-933RAJ, Dkt. # 14 at 8. Shortly after the Court's Order, the Supreme Court decided *Beckles v. United States*, 137 S.Ct. 886 (2017). In *Beckles*, the Supreme Court held that the U.S.S.G., including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Constitution's due process clause. *Id*. The Government filed a stipulated motion requesting that the Court reconsider its February 7, 2017 Order. *Gill*, CV16-933RAJ, Dkt # 16. On March 17, 2017, the Court vacated its prior Order in light of *Beckles*, and granted Mr. Gill's request to withdraw his original § 2255 petition. *Id*, Dkt # 17.

On May 10, 2017, Mr. Gill filed the instant § 2255 petition arguing that his Nevada conviction is not a crime of violence based on Supreme Court precedent, and that the Supreme Court has created a new rule of constitutional law made retroactive to his case. Dkt. # 1. The Government opposes the motion. Dkt. # 5.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

Under 28 U.S.C. § 2253(c), there is no right to appeal from a final order in a proceeding under section 2255 unless a circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

## III. DISCUSSION

### A. Second or Successive Petition.

The Government argues that Mr. Gill's instant petition is the functional equivalent of a second or successive petition, and thus should be summarily dismissed and/or transferred to the Ninth Circuit. Dkt. # 5 at 7. Under § 2255, a motion to vacate a sentence is considered second or successive if the original petition filed by the movant challenged the same conviction or sentence and the petition was adjudicated on the merits or dismissed with prejudice. *Green v. White*, 223 F.3d 1001 (9th Cir. 2000). The Court granted Mr. Gill's request to withdraw his original § 2255 petition when the court vacated its February 7, 2017 Order in light of *Beckles v. United States*. *Gill*, CV16-933RAJ, Dkt # 17. Thus, Mr. Gill's petition is not a second or successive petition within the meaning of 28 U.S.C. § 2255(h)(2). *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (noting a habeas petition that is filed after a prior petition was dismissed without adjudication on the merits is not a second or successive petition as that term is understood in the *habeas corpus* context).

### B. Timeliness

Mr. Gill's judgments of conviction were entered on August 4, 2011. *Gill*, CR11-

77RAJ, Dkt # 11. Mr. Gill did not seek direct appeal, so his conviction became final upon expiration of the time during which he could have sought review by direct appeal. *United States v. Schwartz,* 274 F.3d 1220, 1223 (9th Cir.2001). Mr. Gill's conviction became final on August 18, 2011. *See* Fed. R. App. P. 4(b)(1)(A). On May 10, 2017, Mr. Gill filed the instant petition.

Under § 2255(f), there is a one-year statute of limitations period for filing a motion to vacate a sentence. This one-year limitation period runs from the latest of four events. 28 U.S.C § 2255(f)(1)-(4). Mr. Gill alleges that his petition falls within the period of limitation set forth under § 2255(f)(3). "The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C § 2255(f)(3). Mr. Gill argues that his petition is timely because the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), created a new rule of constitutional law made retroactive to his case. Dkt. # 9.

Mr. Gill argues that he is entitled to retroactive relief from his sentence based upon *Mathis* because his Nevada robbery conviction does not qualify as a crime of violence. Dkt. # 9. *Mathis* "does not establish a new rule of constitutional law; rather, it clarifies application of the "categorical" analysis to the Armed Career Criminal Act (ACCA)." *Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017). Further, the Ninth Circuit has "confirmed the notion that *Mathis* is a clarification of existing rules rather than a new rule itself." *Id*. at 1259.  *See*, *e.g.*, *United States v. Martinez–Lopez*, 864 F.3d 1034, 1039 (9th Cir. 2017) ("*Mathis* did not change the rule stated in *Descamps* [*v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013)]; it only reiterated that the Supreme Court meant what it said when it instructed courts to compare elements."); *United States v. Robinson*, 869 F.3d 933, 936 (9th Cir. 2017) ("To determine whether a defendant's prior conviction is a crime of violence under the Guidelines, we

apply the categorical approach first outlined in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and later clarified in [*Descamps*] and [*Mathis*]....").

    Other circuits have also held that *Mathis* did not establish a new rule of constitutional law. *See Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) ("[A]lthough the *Mathis* Court noted that its ACCA [Armed Career Criminal Act] interpretation had been based in part on constitutional concerns, ... those concerns did not reflect a new rule, for *Taylor* set out the essential rule governing ACCA cases more than a quarter century ago.") (citation and internal quotation marks omitted); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (recognizing that *Mathis* did not "set forth new rules of constitutional law that have been made retroactive to cases on collateral review") (citations omitted); *In re Conzelmann*, 872 F.3d 375, 376–77 (6th Cir. 2017) (same); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (explaining that *Mathis* "did not announce" a rule of constitutional law; "it is a case of statutory interpretation"); *In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (same). Because the Supreme Court did not create a new rule of constitutional law in *Mathis*, Mr. Gill's § 2255 petition is not timely under § 2255(f)(3).

//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For all the foregoing reasons, Petitioner's Motion is **DENIED**. Dkt. # 1. The Court directs the Clerk to **DISMISS** this action. The Court finds that reasonable jurists would not debate the resolution of this motion. Accordingly, the Court declines to issue a certificate of appealability. *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 22nd day of February, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge